## Commonwealth v. O'Boyle et al.

*G. C. Woodward,* for Commonwealth.
*J. F. Masterson,* for defendants.

LAMBERTON, J., November 14, 1936.—This is a suit for the recovery of certain license fees alleged to be owing by defendants for the years 1934, 1935, and 1936 in connection with the operation of an alleged place of public amusement at 4228 North Broad Street, in the City of Philadelphia. In the statement of claim it is averred: (1) That defendants, prior to December 31, 1933, and during the year 1934, were "engaged in a business for profit of public amusement" on said premises; (2) that the Board of Mercantile Appraisers "distributed to defendant the applications to be signed by him for the purpose of making the proper returns for the year 1934, which applications were not signed nor returned to the Board of Mercantile Appraisers by defendant"; (3) that thereupon the "Board of Mercantile Appraisers properly appraised the amount for the year beginning May 1, 1934, at $500,

and so assessed and rated said defendant"; that a copy of said assessment was left with defendants and notice given them of the date of appeal; (4) that "said defendant did not appeal to the Board of Mercantile Appraisers . . . on the appeal day set therefor"; (5) that the said assessment was returned by the Board of Mercantile Appraisers to the Treasurer of the City and County of Philadelphia for collection, wherefore defendants became liable to pay to the city treasurer the sum of $751.25 (this being the license fee plus the 50 percent penalty provided in case suit is brought, and certain trifling additional fees). The statement of claim contains like averments concerning license fees for the years 1935 and 1936, which need not be detailed.

Defendants filed an affidavit of defense in which (1) defendants "deny that they are, or ever have been engaged in a business for profit of public amusement", and aver that at the time stated they were conducting a restaurant and eating house on said premises 4228 North Broad Street, and that "all taxes lawfully payable by them have been paid"; (2) defendants "deny receipt of applications for the returns for the tax" and "aver that no return was made by them for the reason that they were not subject to the tax"; (3) defendants "deny that they were properly appraised by the Board of Mercantile Appraisers as a place of public amusement at $500, or for any other sum", and deny that they are liable for the license fees in question; defendants aver that they were appraised and taxed as a restaurant and eating house and also as a retail dealer in merchandise, and aver that said taxes have been paid; defendants deny that a copy of said assessment was left with defendants, or that any notice was given to them of the date of appeal; (4) defendants admit that they did not appeal to the Board of Mercantile Appraisers; (5) defendants deny that any assessment as required by law was returned by the Mercantile Appraisers to the Treasurer of the City and County of Philadelphia. Similar averments are made in reply to the para-

graphs of the statement of claim concerning license fees for the years 1935 and 1936.

Plaintiff's rule for judgment for want of a sufficient affidavit of defense is now before us for disposition. Plaintiff has assigned five reasons in support of this rule, which may be summarized under two headings: (1) That defendants' remedy under the Act of May 20, 1913, P. L. 229, was to appeal to the Board of Mercantile Appraisers, and having failed to do so they are deprived of any defense in this action; and (2) that in any event the affidavit of defense consists of bare denials and is, therefore, in effect an admission of the averments in the statement of claim. We will consider the matter under these headings and in this order.

The license fees here in question are fixed by the Act of May 20, 1913, P. L. 229. Section 8 of the act provides that the Auditor General shall prepare blanks to be distributed by the mercantile appraiser to persons who may be liable for the license fee. Section 9 provides that it shall be the duty of each applicant to fill up the blank and return the same to the mercantile appraiser within 10 days from the receipt thereof. Section 10 provides that the mercantile appraiser shall have the right to visit places of amusement and require the person liable for the payment of the license fee to make said statement under oath or affirmation. The above provisions are general, and we might say preliminary, but the act also recognizes two classes of recalcitrant proprietors of places of amusement: (1) Those who fail to make the required statement (section 9), and (2) those who make a statement which is unsatisfactory to the mercantile appraiser (section 10). The procedure applicable to the two classes is not the same.

In section 9 it is provided:

"If any applicant fails or refuses to make the statement required by this act, to the mercantile appraiser, *when requested so to do*, it shall be the duty of the mercantile appraiser to assess such applicant with the license tax as provided by this act.

"A certified copy of the said assessment shall be forwarded to the said applicant, which assessment, when so made, shall be final and conclusive and without appeal." (Italics ours.)

Section 10 provides:

"If the mercantile appraiser is dissatisfied with the statement so made, [that is, made by the applicant] he shall ascertain and assess said license fee according to such sum as, in his best judgment, he believes to be correct.

"He shall also leave a written or printed notice, to be prepared by the Auditor General, specifying the amount of the license fee to be paid by such person to the Commonwealth, and also when and where an appeal will be held as required by law."

Section 10 also contains a provision for appeal by the applicant to the mercantile appraisers and for an appeal from the decision of the mercantile appraisers to the court of common pleas. It further provides that in case no appeal is taken to the board of mercantile appraiser the applicant shall thereafter not be permitted, in a suit for the recovery of the license fee, to set up as a defense that he is not subject to the payment of the license fee, or any ground of defense which might have been heard and determined by the board of mercantile appraisers or the court of common pleas on appeal.

Obviously the assessment in this case was made under section 9, since in the statement of claim it is averred that defendants did not make any return, and defendants admit this averment. An assessment properly made in accordance with the terms of section 9 is final and conclusive, without any right of appeal whatever, but if improperly made it is an absolute nullity. The only time when the mercantile appraisers can properly make an assessment under section 9 is when an applicant fails or refuses to make the statement "when requested so to do." Whether this wording refers to a personal request by the mercantile appraiser as provided in the first paragraph

of section 10, or whether the distribution to the applicant of the blank prepared by the Auditor General, as provided in section 9, constitutes such request, is unimportant at this time. There is no averment in the statement of claim that there was a personal request by a mercantile appraiser, and the affidavit of defense, in paragraph 2, contains an express denial that any blank was ever received by defendants. In the absence of a request, there was no authority under section 9 for the making of an assessment. No action can be maintained upon an unauthorized assessment. This raises a clear issue of fact which can only be passed upon by a jury.

Plaintiff in its statement of claim treats the assessment as having been made under section 10. This cannot be correct, for an assessment under section 10 is authorized only when a statement has been made by the applicant and the mercantile appraiser is dissatisfied therewith. But even if we view the matter as governed by section 10, plaintiff is not entitled to judgment because of defendants' failure to appeal to the board of mercantile appraisers. Section 10 provides that a written or printed notice specifying the amount of the license fee and when and where an appeal will be held shall be left with the applicant. It is averred in the statement of claim that this was done, but this averment is flatly denied in the affidavit of defense. Section 10 does not deprive a person of his defense because of his failure to appeal to the board of mercantile appraisers unless the formalities prescribed by the act have been strictly followed. Failure to leave a notice of the assessment and when and where the appeal will be held is a fatal defect, and here also an issue of fact is raised by the pleadings.

We are, therefore, of the opinion that, whether the matter be considered under section 9 or section 10 of the act, defendants are not deprived of their defense upon the merits until it is determined as a fact that the formalities prerequisite to such deprivation have been complied with, and, while we speak of them as formalities,

they are, in fact, essentials to the proper administration of justice. It would be outrageous for a person to be deprived of all right of appeal under section 9 if he had, in fact, been given no notice of the requirement that he file a statement. It would be equally outrageous for a person to be deprived of all defense because of his failure to appeal to the board of mercantile appraisers under section 10 if he had been given no notice of the time and place when an appeal could be made. The wording of the act makes it quite clear that the legislature contemplated no such highhanded procedure.

Counsel for plaintiff also argues that he is entitled to judgment because the affidavit of defense is confined to bare denials. The denials in an affidavit of defense need not be, and frequently cannot be, more detailed than the averments in the statement of claim. In the first paragraph of the statement of claim plaintiff contents itself with the averment that defendants are engaged in a business for profit of public amusement at 4228 North Broad Street. The affidavit of defense denies that defendants are so engaged, and avers on the contrary that at said place defendants conduct a restaurant. It is difficult to see how or why the denial could or should be more detailed. Defendants have denied that they were engaged in the business which plaintiff alleges subjects them to the license fee, and in addition tell what business they were engaged in. Nothing more is necessary.

In paragraph 2 of the statement of claim, plaintiff avers that the board of mercantile appraisers distributed to defendants the applications to be signed by them. Plaintiff does not state when, where, or how these were distributed. Defendants deny that such applications were ever received by them. Nothing more is necessary.

In paragraph 3 of the statement of claim, plaintiff avers that a copy of the assessment was left with defendants and notice given to them of the date of appeal. Plaintiff did not attach a copy of this notice, does not state what was the date of appeal, and does not tell how or when these

papers were served upon defendants. Plaintiff does not even aver that the notice contained a statement where the appeal would be held, as the act requires. Defendants deny that a copy of the assessment was left with them, or that notice of the date of appeal was given to them. It is difficult to see how this vague averment could be more specifically answered. If plaintiff had wished more details in the affidavit of defense it should have given more details in the statement of claim. A general averment is almost necessarily met by a general denial.

We can foresee many difficulties which may arise at the trial of this case. It is not our function to prejudge them. It is our function merely to pass upon the sufficiency of the affidavit of defense, and this we have done.

And now, to wit, November 14, 1936, plaintiff's rule for judgment for want of a sufficient affidavit of defense is discharged.